GRIFFIN, Judge,
concurring in part; dissenting in part.
I dissent only from the portion of the opinion that permits reconsideration on remand of the relocation decision. Relocation is supported by the record and compelled by Mize. The only thing wrong here is the visitation schedule, which is manifestly unreasonable and unworkable, given the circumstances and economic resources of the parties. Its apparent purpose is to subvert Mize by making relocation a financial impossibility for the custodial parent. If we allow it in this case, such orders will simply continue in eases where the lower court prefers, Mize notwithstanding, to require the custodial parent and the child to remain in Florida. Where such orders are entered, the custodial parent may just give up and stay here, knowing he or she cannot meet the court’s conditions. Under the majority opinion, even if the custodial parent has the knowledge and resources to appeal, however, success on appeal will mean only the substantial risk of the same result, i.e. the compulsion to remain in Florida — and more appeals. To allow reconsideration of relocation because the court made an improper ruling on visitation is unwarranted. Relocation is what dictates the schedule of visitation, not the other way around.